IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS LINDER, JR. and<br>JOSEPH SUTTON, | : | Civil No. 1:22-CV-01708 |
| Plaintiffs, | : | |
| v. | : | |
| THOMAS CHUCKAS, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

This case involves a due process claim brought under 42 U.S.C. § 1983. Plaintiffs Louis Linder, Jr. ("Linder") and Joseph Sutton ("Sutton") allege that Defendant Thomas Chuckas ("Chuckas"), in both his official capacity as Bureau Director of the Pennsylvania Horse Racing Commission ("the Commission") and in his individual capacity, violated the due process clause of the United States Constitution when he denied Plaintiffs an appeal hearing under 7 Pa Code §§ 179(a). (Doc. 1, ¶ 26.) Chuckas seeks dismissal of this action, claiming both failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Doc. 7, p. 1.)[1] For the reasons set forth below,

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

Chuckas' motion to dismiss will be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs began this action by filing a complaint on October 28, 2022, alleging that Chuckas, in his official and individual capacity, violated their due process rights when he denied Plaintiffs' request for an appeal hearing in connection with their horse racing licenses. (Doc. 1, ¶ 26.) Plaintiffs allege that on September 24, 2022, Far Mo Power, a racehorse owned by Sutton and trained by Linder, competed in the Parx Dirt Mile race in Bensalem, PA. (Doc. 1, ¶¶ 6–7.) The purse money for the race totaled $200,000, wherein the first place finisher would receive $144,000 and the second place finisher $38,000. (*Id.* ¶¶ 3, 5.) Following a brush with the second place finisher in the stretch, Far Mo Power crossed the finish line first. (*Id.* ¶¶ 1, 8.) After an inquiry because of the contact, the racing stewards disqualified Far Mo Power from first to second place. (*Id.* ¶¶ 11–13.) As a result, the purse money awarded to Plaintiffs decreased by $76,000. (*Id.* ¶ 13.) Two days after the race, Linder filled out a form to appeal the disqualification to the Commission under 7 Pa Code §§ 179-407. (*Id.* ¶¶ 14–16; Doc. 1, p. 8 (Pl. Ex. A).) In the notarized appeal, Linder stated the grounds for the appeal as: "No Foul Occurred." (Doc. 1, ¶ 16; Doc. 1, p. 8 (Pl. Ex. A).)

Two days after Plaintiff Linder submitted the form, Chuckas responded, denying the appeal on two grounds under 7 Pa. Code § 179.7(a), citing Linder's

failure to use numbered paragraphs and to provide "a concise statement of all of the factual and legal grounds upon which the hearing was requested." (*Id.* ¶ 17; Doc. 1, p. 8 (Pl. Ex. B).)

On January 17, 2023, Chuckas filed a motion to dismiss, followed by his brief in support on January 31, 2023. (Docs. 7, 8.) Plaintiffs untimely filed their brief in opposition on February 15, 2023, after the court issued an order to show cause earlier that day. (Docs. 9, 10.) The court stayed the case on March 23, 2023, pending resolution of the motion to dismiss, which is ripe for review. (Doc. 15.)

## JURISDICTION AND VENUE

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Further, venue is appropriate under 28 U.S.C. § 1391.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

In his motion to dismiss, Chuckas argues that Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, along with qualified immunity and the definition of "person." (Doc. 8, pp. 5, 13.)

### A. Failure to Exhaust Administrative Remedies

Chuckas argues that dismissal under Federal Rule of Civil Procedure 12(b)(6) would be appropriate as Plaintiffs failed to state an adequate procedural due process claim when they failed to exhaust the state-based remedies available to them. (Doc. 8, pp. 12–13.) In doing so, Chuckas argues that procedural due process exists within an administrative agency process when a "full judicial mechanism with which to challenge the administrative decision" exists. (Doc. 8, p. 11.) Chuckas then argues that the two options available to Plaintiffs serve as a

"full judicial mechanism" that Plaintiffs needed to use before resorting to federal court, thus dooming their current procedural due process claim. (Doc. 8, pp. 11–13.) Plaintiffs do not respond to this argument in their brief in opposition. (*See* Doc. 10.)

The Fourteenth Amendment protects persons from "depriv[ation] of life, liberty, or property, without the due process of law." U.S. Const. Amend. XIV. In *Bello v. Walker*, 840 F.2d 1124, 1128 (3d Cir. 1988) (overruled on other grounds), the Third Circuit held that a state provides sufficient procedural due process when it "affords a full judicial mechanism with which to challenge the administrative decision to deny an application." Review of an agency determination provides a sufficient "full judicial mechanism" as to satisfy procedural due process. *See Pioneer Aggregates, Inc. v. Pa. Dep't of Envtl. Prot.*, 540 F.App'x 118, 126 (3d Cir. 2013). Electing to turn to federal court in lieu of taking advantage of state-based remedies for an administrative harm means "[n]o federal constitutional procedural due process violation is stated." *See Brown v. Camden Cnty. Bd. of Soc. Servs.*, 704 F. App'x 204, 207 (3d Cir. 2017). When a plaintiff fails exhaust the administrative remedies available to them at the state level, their federal procedural due process claim fails as a matter of law. *See Adamo v. Dillon*, 900 F.

Supp.2d 499, 512–13 (M.D. Pa. 2012), *aff'd*, 539 F. App'x 51 (3d Cir. 2013).

Two possible state-based procedural avenues existed for Plaintiffs after Chuckas denied their request for an appeal. At the time of the denial, Plaintiffs had fifteen days to petition Chuckas for reconsideration of the Commission's decision pursuant to state law. 7 Pa. Code §179.72(a). Moreover, Plaintiffs could have appealed to the Commonwealth Court within thirty days of the Commission's decision under 42 Pa.C.S. § 763. 7 Pa. Code §§ 179.97(a), 179.73(a). These options demonstrate the existence of a "full judicial mechanism" at the state level to appeal decisions of the Commission.

Ultimately, Plaintiffs failed to avail themselves of either option.[2] Thus, Plaintiff's failure to exhaust the state-based administrative remedies available to them renders their procedural due process claim null per *Brown*, making a grant of Chuckas' motion to dismiss appropriate. Moreover, Plaintiffs' failure to exhaust means they not only fail to state a proper procedural due process claim, but also under *Adamo*, their claim would fail as a matter of law in later stages of adjudication. *See Brown*, 704 F. App'x at 207; *see also Adamo*, 900 F. Supp. 2d at 512–13. Given that the sole claim pleaded in the complaint would not succeed

---

[2] Of note, Plaintiffs still could have appealed to the Commonwealth Court under 7 Pa. Code § 179.73(a) at the time of filing in federal court. Defendant issued the denial of the appeal hearing on September 30, 2022, meaning 15 days for an agency-based appeal after would have been October 15, 2022, and 30 days after would have been October 30, 2022. The federal complaint was filed on October 28, 2022.

even if the complaint were amended, the court will dismiss the complaint with prejudice.

### B. Failure to State a Claim Upon Which Relief Can Be Granted

A claim for a violation of procedural due process requires that the plaintiff allege that (1) the defendant acted under the color of state law, (2) the defendant deprived the plaintiff of a legally protected property interest, and (3) the state procedure for challenging the deprivation fails to satisfy the minimum requirements of procedural due process. *See Midnight Sessions, Ltd. v. City of Phila.*, 945 F.2d 667, 680 (3d Cir. 1991). A claim for procedural due process only exists where one alleges a taking or deprivation of a legally protected liberty or property interest. *See Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998).

Plaintiffs allege in their complaint:

> 7 PA Code 179 et seq, as enforced by Defendant, violates the Due Process Clause of the United States Constitution in violation of 42 USC Sec. 1983. Plaintiffs have a property right in their Pennsylvania licenses which cannot be effectively taken away from him without due process. One of those rights in their licenses is the right to appeal to the Commission in the instant matter requesting a hearing. [number omitted] Defendant Chuckas, acting in his official capacity as Bureau Director of the Pennsylvania Horse Racing Commission to enforce the above regulations is a person acing under color of state law within the meaning of 42 USC Sec. 1983 and is amenable to suit.

(Doc. 1, ¶¶ 26–27.) Plaintiffs do not allege a deprivation in Count One, the sole count of the complaint, which *Abbott* and *Midnight Sessions* require in order for a procedural due process

claim to proceed.  *See Midnight Sessions*, 945 F.2d at 680; *Abbott*, 164 F.3d at 146.  The complaint identifies the protected property interest as Plaintiffs' Pennsylvania licenses.  The complaint also alleges that there is a due process right to appeal the denial of the request for a hearing to the Commission.  However, Plaintiffs do not allege that they were deprived of their licenses.  Moreover, Plaintiffs do not allege that the Commission deprived them of their right to appeal the request for a hearing.  Quite the contrary, the complaint explicitly states that Plaintiffs decided to appeal the disqualification—Plaintiff Linder completed a form prepared by the Commission to appeal their decisions, and he got the form notarized before submitting it to Chuckas.  (Doc. 1, ¶¶ 14–16.)  This conduct is precisely that which Plaintiffs state they are entitled to, but simultaneously argue they were deprived of.  Given that Plaintiffs never claim that Chuckas deprived them of the property right they have identified, they failed to adequately allege violation of procedural due process.

While neither party briefed the matter addressed in this opinion, the court nonetheless finds the claim to be inadequately pleaded.  *Sua sponte* dismissal of a complaint is appropriate "where it is clear that the plaintiff cannot prevail and any amendment would be futile."  *See Bethea v. Nation of Islam*, 248 F.App'x 331, 333 (3d Cir. 2007).  Because the court determined that Plaintiffs failed to exhaust their administrative remedies and Plaintiffs' complaint will be dismissed with prejudice

for that reason, it is appropriate for the court to *sua sponte* dismiss the complaint on the additional ground of failure to state a claim for which relief can be granted.

## CONCLUSION

For the foregoing reasons, the court will grant Chuckas' motion to dismiss, Doc. 7, and Plaintiffs' complaint will be dismissed with prejudice. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 26, 2023